**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SOLOMON MANNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:21-cv-3450 |
| ) | |
| GREEN SQUARE COMPANY LLC; and ) | |
| JOEY M. YOUNGER, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, SOLOMON MANNA ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER ("Green Square" and "Younger" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Sugar Land, Fort Bend County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Each Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Green Square is a New York limited liability company and national collection agency headquartered in the Village of East Aurora, Erie County, State of New York.

13. Younger is a natural person and debt collector residing in the City of Buffalo, Erie County, State of New York.

14. The principal purpose of Green Square's business is the collection of debts allegedly owed to third parties.

15. Green Square regularly collects, or attempts to collect, debts allegedly owed to third parties

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

18. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

19. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

20. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *Solomon Manna v. Green Square Company, LLC*

22. Green Square is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid ACE Cash Express account.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. In or around December 2020, Green Square started placing collection calls to Plaintiff on Plaintiff's cellular telephone at 832-712-4276 in an attempt to collect the alleged debt.

25. In December 2020, Plaintiff answered one of Green Square's collection calls and spoke with one of Green Square's collectors who attempted to collect the alleged debt from Plaintiff.

26. During the above-referenced collection call, Plaintiff explained to Green Square's collector that he did not have much money, but would see what he could do.

27. In response, Green Square's collector threatened Plaintiff with litigation if Plaintiff did not pay the alleged debt.

28. Green Square also leaves voicemail messages for Plaintiff.

29. Most of the above-referenced voicemail messages are from Green Square's collector who identifies himself as Mike Mathis.

30. With regard to the above-referenced voicemail messages:

    a. Green Square's collectors failed to disclose that the calls were coming from Green Square Company, LLC;

    b. Green Square's collectors made overt and veiled threats of legal action against Plaintiff;

    c. Green Square's collectors accused Plaintiff of committing a crime;

    d. Green Square's collector failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose; and

    e. Green Square's collectors gave the callback number of 716-335-9065, which is one of Green Square's telephone numbers.

31. To date, Plaintiff has not paid the alleged debt.

32. To date, Green Square has not taken legal action against Plaintiff.

33. Green Square has never intended to take legal action against Plaintiff.

34. *Arguendo*, if Plaintiff does owe the alleged debt, it would have been incurred and defaulted not later than 2014.

35. There would have been no further transactions with regard to the alleged debt after 2014.

36. The applicable statute of limitations in Texas to bring legal action to collect on the alleged debt is not more than four (4) years.

37. At all times relevant hereto, the statute of limitations passed for bringing legal action against Plaintiff to collect on the alleged debt.

38. In its communications with Plaintiff regarding the alleged debt:

    a. Green Square attempted to collect a time-barred debt from Plaintiff without disclosing that the Source could not sue Green Square to collect on the alleged debt;

    b. Green Square attempted to collect a time-barred debt from Plaintiff without disclosing that a partial payment on the alleged debt could revive/reset the statute of limitations; and

    c. Green Square attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay the alleged debt could revive/reset the statute of limitations.

39. Green Square's above-referenced actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt.

40. The natural consequences of Green Square's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

41. The natural consequences of Green Square's actions was to produce an unpleasant and/or hostile situation between Green Square and Plaintiff.

42. The natural consequences of Green Square's actions was to cause Plaintiff mental distress.

*Solomon Manna v. Joey M. Younger*

43. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-42 herein, with the same force and effect as if the same were set forth at length herein.

44. Younger is the owner of Green Square.

45. Younger is the managing member of Green Square.

46. At all relevant times, acting alone or in concert with others, Younger has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Green Square, and its employees, including the acts and practices set forth in this Complaint.

47. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

48. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

# COUNT I:
# DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff repeats and realleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

50. Defendants violated the FDCPA as follows:

   a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Green Square engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

   b. Defendants violated § 1692d(6) of the FDCPA by their placement of telephone calls without meaningful disclosure of the caller's identity when Green Square's voicemail messages failed to disclose that the calls were from Green Square Company, LLC;

   c. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Green Square engaged in, at least, the following discrete violations of § 1692e;

   d. Defendants violated § 1692e(2)(A) of the FDCPA by Green Square's false representation of the character, amount, or legal status of any debt when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

   e. Defendants further violated § 1692e(2)(A) of the FDCPA when Green Square attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

7

f. Defendants violated § 1692e(4) of the FDCPA by Green Square's representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

g. Defendants violated § 1692e(5) of the FDCPA by Green Square's threat to take any action that cannot legally be taken or that is not intended to be taken when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

h. Defendants violated § 1692e(7) of the FDCPA by Green Square's false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Green Square's collectors falsely accused Plaintiff of committing a crime;

i. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Green Square engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

j. Defendants violated § 1692e(11) of the FDCPA by Green Square's failure to disclose in its communications with the Plaintiff that it is attempting to collect a debt and that any information obtained will be used for that purpose when Green Square failed to make such disclosures when it left voicemail messages for Plaintiff; and

k. Defendants violated § 1692f of the FDCPA by Green Square's use of unfair or

unconscionable means to collect or attempt to collect any debt when Green Square engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, SOLOMON MANNA, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

51. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

52. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

53. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE TEXAS DEBT COLLECTION ACT

54. Plaintiff repeats and realleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

55. Defendants violated the TDCA based on the following:

   a. Defendants violated Tex. Fin. Code § 392.301(2) by accusing falsely or threatening to accuse falsely a person of fraud or any other crime when Green Square falsely claimed that Plaintiff committed a crime;

   b. Defendants violated Tex. Fin. Code § 392.301(5) by threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings when Green Square falsely claimed that Plaintiff committed a crime;

   c. Defendants violated Tex. Fin. Code § 392.301(6) by threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law when Green Square falsely claimed that Plaintiff committed a crime;

  d. Defendants violated Tex. Fin. Code § 392.301(8) by threatening to take an action prohibited by law when Green Square made empty threats of legal action against Plaintiff, especially given that the alleged debt is time-barred;

  e. Defendants violated Tex. Fin. Code § 392.302(1) by its use of language intended to abuse unreasonably the hearer or reader when Green Square falsely claimed that Plaintiff committed a crime;

  f. Defendants violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding when Defendant's collectors made empty threats of legal action against Plaintiff;

  g. Defendants further violated Tex. Fin. Code § 392.304(8) when Green Square attempted to collect from Plaintiff a time-barred debt without making certain required disclosures; and

  h. Defendants violated Tex. Fin. Code § 392.304(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer when Defendants engaged in, at least, all of the foregoing.

56. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

WHEREFORE, Plaintiff, SOLOMON MANNA, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

57. For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

58. For attorneys' fees, costs and disbursements;

59. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

60. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

DATED: October 20, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff